IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEITH BAILEY )
 )
v. ) No. 3:13-1318
 ) Judge Campbell/Bryant
SOCIAL SECURITY ADMINISTRATION )

# O R D E R

On September 4, 2014, defendant filed a motion for entry of judgment with remand of this case for further administrative proceedings (Docket Entry No. 22), acknowledging that its decision partially denying plaintiff's claim to benefits contains reversible error. On that same day, plaintiff filed a response to the motion indicating his lack of opposition to a remand for reconsideration of the period prior to February 15, 2011, the date on which plaintiff was found to be disabled. (Docket Entry No. 24) "However, Plaintiff does oppose Defendant reconsidering [the] finding that he has been disabled on and after 02/15/11." Id. at 1-2.

Inasmuch as defendant has conceded the merit of plaintiff's complaint, and it would clearly be improper for defendant to reconsider the finding of disability in further proceedings on remand from this Court -- in what would effectively be an end run around the bar against the Commissioner appealing her own final decision, Denson v. Barnhart, 2008 WL 3832355, at *5 (M.D. Tenn. Aug. 14, 2008) (citing Gordon v. Sec'y of Health & Human Servs., 1990 WL 155314 (6th Cir. Oct. 15, 1990)) -- the undersigned finds that there

are no remaining matters in controversy.[1]

Accordingly, there are no further proceedings to be conducted by the Magistrate Judge, and the file will be transmitted to the District Judge for disposition.

So **ORDERED**.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, as recognized by plaintiff, defendant may revisit the issue of plaintiff's disability pursuant to established continuing disability review procedures, 20 C.F.R. § 404.1588 et seq., and any future determinations as a result of such proceedings would be subject to administrative and judicial review.