IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH BAILEY ) | |
| ) | |
| v. ) | No. 3:13-1318 |
| ) | Judge Campbell/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

### REPORT AND RECOMMENDATION

### I. Introduction

Currently pending before the Court is plaintiff's Motion for Approval of Attorney Fee Out of Plaintiff's Past-Due Benefits Pursuant to 42 U.S.C. § 406(b)(1)(A). (Docket Entry No. 28) This unopposed motion has been referred to the undersigned for a Report and Recommendation. (Docket Entry No. 29) For the reasons stated below, the undersigned RECOMMENDS that plaintiff's motion be GRANTED and that the Commissioner of Social Security be DIRECTED to pay Attorney Michael P. Williamson the requested amount of $18,502.50 out of funds withheld from plaintiff's benefits award in this case.

### II. Discussion

Title 42, section 406(b) of the United States Code allows for the award of an attorney's fees for representation of a successful disability applicant in federal court, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "Even with an unopposed motion for attorney's fees, courts must still determine whether the requested fee is reasonable." Johnson v. Colvin, 2015 WL 1206699, at *2 (E.D. Tenn. Mar. 17, 2015). Thus, this Court must approach the fee determination under this statute by looking first to the contingent-fee agreement between plaintiff and counsel, and then testing it for reasonableness for the services rendered, within the 25 percent boundary. Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002).

Counsel has been unable to locate his written contract with Mr. Bailey governing fees for services rendered in this Court. However, he has produced a copy of his original fee agreement with Mr. Bailey, executed in April 2010 and governing the representation before the agency, through the level of the Administrative Law Judge (ALJ) decision. (Docket Entry No. 31-1) That agreement provides that if Mr. Bailey and Mr. Williamson decided to continue the representation in order to take an appeal from the ALJ's decision, they would then enter into a "new and separate fee agreement[.]" Id. Counsel has also produced an email to Mr. Bailey dated September 19, 2014, in which he communicated his desire to charge a fee of "25% of any additional past-due benefits which I am able to win for you." (Docket Entry No. 31-2) In addition, counsel has filed his declaration attesting to the fact that Mr. Bailey agreed to his proposed fee (Docket Entry No. 31-3), and an email from Mr. Bailey containing the following statement:

> Michael P. Williamson has been my Disability Attorney since April 2010. He called me today March 24, 2016 stating that he could not find our written fee

agreement that we had together. This fee agreement was entered into by me sometime in September, 2014. This second fee agreement was for 25% [of] any past due benefits obtained by Michael P. Williamson on my behalf. He earned every part of the 25% due. Thank you. Keith F. Bailey

(Docket Entry No. 31-4)

The undersigned is satisfied by this showing that counsel and Mr. Bailey did in fact agree to a contingent fee in the amount of 25 percent of any past-due benefits awarded to Mr. Bailey as a result of the continued representation.

In the Sixth Circuit, there exists "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Here, there is no suggestion that counsel engaged in any improper conduct, and he was clearly effective in winning for his client a partial award before the agency, followed by a remand from this Court ordering the agency to revisit the unfavorable part of its original determination, followed by a fully favorable decision from the agency on remand.

In examining whether counsel would enjoy an undeserved windfall from an award of the full 25 percent fee under contract, the Court may consider the hourly rate represented by the full fee. Hayes, 923 F.2d at 421-22. The Hayes court provided the following guidance for this consideration:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the

> amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. ...
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

Id. at 422. The record here shows that Mr. Bailey received a lump sum payment of $55,636.50 from his total award of past-due benefits, and that the agency withheld $18,502.50 for payment of any attorney's fee that may be approved. (Docket Entry No. 28-5 at 1-2) Thus, in total, Mr. Bailey was awarded past-due benefits in the amount of $74,139.00. Twenty-five percent of this total is $18,534.75, although counsel's requested fee is $18,502.50, the amount withheld by the agency. Counsel's billing records demonstrate that, after receiving notice that his administrative appeal had been denied, he worked 26 hours in pursuit of Mr. Bailey's disability benefits before this Court. (Docket Entry No. 28-3) Dividing the requested fee (which is slightly less than 25% of the total award of past-due benefits, the amount allowable under the contract and the controlling statute) by the number of hours worked yields a hypothetical hourly rate of $711.63. If this hypothetical hourly rate is "less than twice the standard rate for such work in the relevant market," then the requested fee is per se reasonable. Hayes, 923 F.2d at 422.

The standard hourly rate for Social Security representation in the Nashville market is not established on this record. Citing 42 U.S.C. § 406(b), counsel states that hourly billing in Social Security cases is in fact unlawful, and thus the standard hourly rate for such

4

work is unascertainable. (Docket Entry No. 28-2 at 2-3, ¶ 3) Be that as it may, the undersigned finds that the Hayes analysis merely calls for an examination of market-specific billing rates in comparable cases, and that its reference to the standard rate for "such work" does not necessarily imply that Social Security appeals are the only valid comparator. Cf. Gisbrecht v. Barnhart, 535 U.S. at 808 (noting that, as an aid to assessing the reasonableness of a large fee award resulting from comparatively few hours of work, courts "may require ... a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (citing Rodriquez, 865 F.2d at 741). Although it appears that the vast majority of counsel's own legal work is performed on a contingent-fee basis, for the sake of comparison, counsel in this case analogizes to the case of a claimant for employer-sponsored disability benefits under ERISA, offering his opinion that , "[b]ased on conversations with other attorneys who practice in this area in federal court, ... the customary rate for representing claimants in federal court under ERISA is $300 to $400 per hour." Id. at 3, ¶ 3. Counsel then offers that he currently has three ERISA clients whom he is billing on an hourly basis, at rates of $300, $350, and $400 per hour, respectively, based on these clients' respective ability to pay the fee and the amount of the award at stake. Id. at 3-4, ¶ 4.

Based on this record, the undersigned will utilize the median comparable hourly rate identified here ($350) as the market standard. Counsel states that he has over 34 years of experience with disability law practice; has represented well over 1,500 claimants for Social Security disability benefits; has been a presenter/speaker at numerous national and regional Social Security conferences/seminars; and, has been a guest lecturer on the subject on several occasions at area law schools. Id. at 1-2, ¶¶ 1-2. In light of this experience and his declaration that attorneys in this market doing comparable work bill their clients up to

$400 per hour depending on their experience, $350 per hour is an appropriate standard rate for purposes of determining whether the fee requested here would represent an unreasonable windfall. Cf. Lockridge v. Astrue, 2009 WL 127668, 138 Soc. Sec. Rep. Serv. 1104 (E.D. Ky. Jan. 16, 2009) (approving $350 as a standard hourly rate in the case of an attorney with over 30 years of experience in Social Security law, including over 400 appeals in federal court, speaking at 35 seminars on the subject, serving on local and national organizations, and who had provided proof of hourly billings by local lawyers with similar experience). Under Hayes, the floor below which the requested fee's reasonableness cannot be questioned would be twice the standard rate, or $700. Because the hypothetical hourly rate computed above, $711.63, exceeds this floor (though barely), it is not *per se* reasonable. However, the Sixth Circuit in Hayes recognized that amounts exceeding twice the standard hourly rate "may well be reasonable," id. at 422, and stressed that a large hourly rate does not alone justify reducing the award for unreasonableness, id. at 421; rather, "[t]he core consideration in the windfall analysis ... remains whether the attorney gained a large award with minimal effort or risk." Ballatore v. Comm'r of Soc. Sec., 2015 WL 5830836, at *4-5 (E.D. Mich. Aug. 5, 2015) (citing Hayes, *supra*).

    This representation -- which began in April 2010, spawned a 1,231-page record of administrative proceedings (Docket Entry No. 8), and ended with the achievement of the best possible outcome for the disabled claimant -- did not entail minimal effort or risk on counsel's part. Indeed, in appealing what was initially a partially favorable award in pursuit of a fully favorable award, counsel and his client undertook the risk of having the original, partial award vacated by the agency's Appeals Council. Thereafter, counsel proceeded at his own risk to litigate in this Court, devoting 26 hours that he could not be

6

compensated for at all other than by winning the fully favorable decision sought, inasmuch as his client's high net worth rendered him ineligible for the award of attorneys' fees under the Equal Access to Justice Act which this Court's remand alone would have won. (Docket Entry No. 31-2) Moreover, neither the government nor Mr. Bailey opposes the requested fee award. Indeed, Mr. Bailey heartily endorses it. (Docket Entry No. 31-4) These factors are more persuasive of reasonableness than those considered in Lockridge, 2009 WL 127668, at *2, where a hypothetical hourly rate of $702.13 was approved. Finally, as the Ballatore court noted, the range of rates approved as reasonable throughout the country easily contains a hypothetical rate such as that determined here, 2015 WL 5830836, at *10 (citing cases), while "[c]ases rejecting similar rates relied on facts not present here, such as a demonstrably low standard rate or objections to the request by the Commissioner." Citing Woods v. Colvin, 2014 WL 2918454, at *4-7 (N.D. Ohio June 26, 2014) (finding $690 excessive where the Commissioner objected, the request was "5.3 times the amount [the attorney] would have received in [the] case had he been pain on an hourly basis," and the plaintiff's disability applications had been pending for almost three years before the attorney began representing the plaintiff).

       In sum, the undersigned finds that counsel's fee request is reasonable, and is within both the scope of his fee agreement with his client and the limits of 42 U.S.C. § 406(b). Accordingly, he should be awarded $18,502.50, the full amount of his request.

### III.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's Motion for Approval of Attorney Fee Out of Plaintiff's Past-Due Benefits Pursuant to 42 U.S.C. § 406(b)(1)(A) (Docket Entry No. 28) be GRANTED and that the Commissioner of Social Security be DIRECTED to pay Attorney Michael P. Williamson the requested amount of $18,502.50 out of funds withheld from plaintiff's benefits award in this case.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 7th day of April, 2016.

    s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE